IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|   |   |
|---|---|
| HENRY ENTERPRISES LLC A/K/A HENRY ENTERPRISE LLC | * * * * |
| Plaintiff, | * * |
| v. | Civil Case No.: SAG-25-00381 |
| KING MECHANICAL COMPANY, INC. | * * * |
| Defendant. | * * |

\* \* \* \* \* \* \* \* \* \*

**MEMORANDUM OPINION**

Plaintiff Henry Enterprises LLC a/k/a Henry Enterprise LLC ("Henry Enterprises") filed this lawsuit in state court against Defendant King Mechanical Company Inc., alleging claims for breach of contract, quantum meruit, and unjust enrichment arising out of a subcontractor agreement on project involving HVAC services. ECF 3. King Mechanical removed the case to this Court, citing federal question jurisdiction. ECF 1. Three motions are currently pending: (1) King Mechanical's Motion for a More Definite Statement, ECF 7, (2) King Mechanical's Motion to File Surreply, ECF 16, and (3) Henry Enterprises's Motion to Remand this case to state court, ECF 13. This Court has reviewed those motions and the oppositions and replies that have been filed, including King Mechanical's surreply. ECF 14, 15, 16-2, 17. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2023). For the reasons stated herein, the motion for more definite statement will be denied, the motion to file surreply will be granted, and the motion to remand this case to state court will also be granted.

I. **BACKGROUND**

Many of the facts pertaining to this case are not in dispute. On or about December 24, 2021, King Mechanical hired Henry Enterprises to perform HVAC services at a project at 525 Aisquith Street in Baltimore City. ECF 3 ¶ 5. Under the contract, King Mechanical was to make payment every fifteen (15) days. *Id.* ¶ 6. On May 3, 2022, the parties executed a written amendment to the contract, increasing the total amount King Mechanical was to pay Henry Enterprises to $422,480.00. *Id.* ¶ 7. The amendment notes "Amended Change order to reflect scale payment value is $68,980.00 NOTE: Additional to compensate for commercial scale wage for 525 Aisquith." *Id.* at 17.

The Complaint alleges that to date, Plaintiff has only received payment of $349,042.90 and not the full $422,480 owed pursuant to the amended contract. *Id.* ¶¶ 14, 15.

II. **MOTION FOR MORE DEFINITE STATEMENT**

In defense to the breach of contract claim, King Mechanical contends that, in December, 2022, it paid $62,840.21 to the Maryland Department of Labor (MDOL) to satisfy an unpaid wages determination against Henry Enterprises relating to the 525 Aisquith project.[1] ECF 7 at 5. King Mechanical avers that the $62,840.21 should be credited against the total sum allegedly still owed under the amended contract. *Id.* at 3–5. Henry Enterprises disagrees.

Citing what was apparently a conversation between counsel, King Mechanical argues that Henry Enterprises is relying on the Davis-Bacon Act, 40 U.S.C. § 3141, *et seq.,* to argue that King Mechanical's payment to MDOL did not constitute an offset to the contract. King Mechanical argues that because the Davis-Bacon Act does not confer a private right of action, Henry

---

[1] Henry Enterprises's Complaint makes no reference to the MDOL payment.

2

Enterprises cannot employ it to obtain relief. King Mechanical therefore argues that Henry Enterprises should have to provide a more definite statement regarding the facts and circumstances entitling payment of the contract total without the offset.

This Court disagrees. While the math is slightly off in the complaint[2], the gist of the contention is clear: the amended contract provided for Henry Enterprises to receive $422,480 for its work and it has only received payment of $349,042.90. Of course, King Mechanical will be able to defend the case by adducing proof that it paid $62,840.21 to MDOL on Henry Enterprises's behalf for Henry Enterprises's benefit, but nothing about the contours of Henry Enterprises's claim is unclear. The motion for more definite statement will therefore be denied.

### III.    MOTION FOR REMAND

Henry Enterprises seeks remand because its Complaint brings solely state law claims for relief: breach of contract, unjust enrichment, and quantum meruit. Also, Henry Enterprises notes that King Mechanical did not timely remove this case. This Court agrees with both contentions.

Fourth Circuit precedent curtails this Court's inquiry in determining whether removal jurisdiction is appropriate. *See Mayor and City Council of Baltimore v. BP P.L.C.*, 31 F.4th 178, 197 (4th Cir. 2022) ("If federal jurisdiction is doubtful, a remand is necessary."). Because the inquiry into the existence of federal question jurisdiction is governed by the "well-pleaded complaint rule," "courts 'ordinarily look no further than the plaintiff's complaint in determining whether a lawsuit raises issues of federal law capable of creating federal-question jurisdiction under 28 U.S.C. § 1331'" *Id.* (citing *Pinney v. Nokia, Inc.,* 402 F.3d 430, 442 (4th Cir. 2005)) (cleaned up). Where only state law claims are presented, federal question jurisdiction arises only

---

[2] Henry Enterprises claims it is due $79,419.28. ECF 3. It has received $349,042.90. *Id.* Those amounts do not total $422,480 and the Complaint offers no explanation for the discrepancy.

where "a federal issue is: '(1) necessarily raised, (2) actually disputed, (3) substantial, and (4) capable of resolution in federal court without disrupting the federal-state balance approved by Congress.'" *Id.* at 190 (quoting *Gunn v. Minton,* 568 U.S. 251, 258 (2013)). For a federal question to be "necessarily raised," it must be "a necessary element of one of the well-pleaded state claims." *Id.*

The Davis-Bacon Act is not a necessary element of Henry Enterprises's breach of contract claim. Again, neither the MDOL payment nor the Davis-Bacon Act is referenced in the Complaint. The dispute about the MDOL payment, which arises exclusively from King Mechanical's "payment" defense, centers on what agreement the parties reached with respect to that sum: was it intended to be an offset or a payment in addition to the monies owed under the amended contract? If, for example, one party offers evidence that the parties discussed and reached agreement in that regard, there will be no cause to discuss the Davis-Bacon Act at all. It cannot be said, then, that a federal issue is necessarily raised by Henry Enterprises's well-pleaded complaint, and King Mechanical's arguments about artful pleading and complete preemption are unavailing.

Second, as to timeliness, under 28 U.S.C. § 1446(b), a notice of removal must be filed within 30 days after receipt of the initial pleading. The sole exception, in 1446(b)(3), permits later removal upon receipt of "an amended pleading, motion, order, or other paper from which it may first be ascertained that the case is one which is or has become removable." Here, King Mechanical did not remove the case within 30 days of its receipt of service on November 14, 2024. Instead, it argues that there was a later conversation between counsel on January 31, 2025, and that mention of the Davis-Bacon Act during that "discussion" first highlighted the fact that this case would be removable. ECF 1 ¶ 4. But a conversation or discussion is not the "amended pleading, motion,

order, or other paper" required by § 1446(b)(3). Accordingly, even if this Court were persuaded that removal were substantively permitted, it would deny the removal as untimely.

## III. CONCLUSION

For the reasons stated above, King Mechanical's motion for more definite statement, ECF 7, is DENIED; King Mechanical's motion for leave to file surreply, ECF 16, is GRANTED, and Henry Enterprises's motion for remand, ECF 13, is also GRANTED. A separate Order follows, which will remand this case to the Circuit Court for Baltimore County, Maryland and will close the case in this Court.

Dated: June 3, 2025                                         /s/
                                            Stephanie A. Gallagher
                                            United States District Judge